# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2228 | **DATE** | 3/29/2013 |
| **CASE TITLE** | Gregory Tomberg (#R-68415) v. Karen Rabideau, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has paid the $350 statutory filing fee. The Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff may proceed on his claims for deliberate indifference against Defendants Rabideau and Gyimah. Plaintiff's claims against Defendant Hardy, and for conspiracy are dismissed. The Clerk is directed to issue summonses for Defendants Rabideau and Gyimah and the Marshal is directed to serve them. The Clerk is further directed to forward to Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[**For further details see text below.**]                                                            Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner presently in custody at Menard Correctional Center, has filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983. Petitioner alleges that Defendants violated his rights by being deliberately indifferent to a substantial risk of serious harm when he was incarcerated at Stateville Correctional Center on June 29, 2011. More specifically, Plaintiff alleges that in spite of the fact that he notified Defendants Rabideau and Gyimah that he was in fear of his safety, they did nothing to prevent him from being housed with other inmates who had previously threatened him with physical harm. When he was housed with the inmates in question, he was injured, requiring medical treatment. Plaintiff sues Marcus Hardy, seemingly in his supervisory capacity. Plaintiff also brings to claims for conspiracy.

Plaintiff has paid the statutory filing fee. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendants Rabideau and Gyimah for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

However, Plaintiff seemingly makes his claim against Defendant Hardy in his supervisory capacity. Plaintiff has alleged no facts suggesting Defendant Hardy's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Defendant Hardy's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, Plaintiff has failed to state a claim for relief against Defendant Hardy and he is dismissed as a Defendant.

**(CONTINUED)**

AWL

**STATEMENT (continued)**

With respect to Plaintiff's claims for conspiracy, the Court finds that Plaintiff has failed to meet the heightened pleading standard for a claim of conspiracy. *See Spiegel v. City of Chicago,* 920 F. Supp. 891 (N.D. Ill. 1996). (It is not enough to merely plead the existence of a conspiracy, which is what Plaintiff has done in his complaint in this matter.) The complaint must allege facts supporting a claim of a meeting of the minds. *Kunik v. Racine Cty.,* 946 F.2d 1574, 1580 (7th Cir. 1991). Consequently, Plaintiff's complaint, Claims II and III are dismissed.

The Clerk shall issue summons for service of the complaint on Defendants Rabideau and Gyimah (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.